NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

PHILIP G. WILSON,

        Plaintiff,

  v.

AMERICAN AUTOMAR, INC., et al.,

        Defendants.

CIVIL NO. 04-4726 (GEB)

**MEMORANDUM OPINION**

**BROWN, Chief District Judge**

    This matter comes before the Court upon Defendant Transoceanic Cable Ship Company, Inc.'s (hereinafter "TCSC" or "Defendant TCSC") Cross Motion to Amend Answer (Docket Entry # 16)[1]; Defendant TCSC's Motion for Summary Judgment (Docket Entry # 24); Plaintiff Philip G. Wilson's (hereinafter "Plaintiff") Motion for Partial Summary Judgment (Docket Entry # 32); Defendant TCSC's Motion to Strike (Docket Entry # 37); Defendant TCSC's Motion *In Limine* (Docket Entry # 46); and Defendants Pacific Gulf Marine Inc., American International Car Carrier, Inc., and American Roll-On Roll-Off Carrier, LLC (hereinafter "the Fidelio Defendants") Motion to Transfer (Docket Entry # 52)[2]. The action was reassigned to the

---

[1] The cross motion was in response to a previously made motion for partial summary judgment by Defendants Pacific Gulf Marine, Inc., American International Car Carrier, Inc. and American Roll-On Roll-Off Carrier, LLC (Docket Entry # 15). That motion was voluntarily dismissed by defendants in two separate letters dated May 14, 2007 (Docket Entry # 66) and May 24, 2007 (Docket Entry # 67).

[2] It appears that the Newark Clerk's Office inadvertently terminated American International Car Carrier, Inc. and American Roll-On Roll-Off Carrier, LLC on April 5, 2007 (Docket Entry # 56). The Court will instruct the Clerk's Office, in the accompanying Order, to re-institute the aforementioned parties.

undersigned on June 12, 2007, and the Court, having read and fully considered all of the parties' submissions, has decided this matter without oral argument pursuant to F.R.Civ.P. 78. For the reasons discussed below, the Fidelio Defendants' Motion to Transfer this case to the United States District Court for the Southern District of Florida is granted, and the remaining pending motions will be reserved pending review by the Florida federal court.

I.      FACTUAL BACKGROUND

The instant action was filed via Complaint on September 27, 2004. (Docket Entry # 1). The Complaint contains claims of Jones Act negligence, unseaworthiness and maintenance and cure against the Fidelio Defendants and claims of Jones Act negligence and unseaworthiness against Defendant TCSC, as well as a "reservation of rights to file claim" against TCSC for maintenance, cure and daily wages in the event that maintenance, cure and daily wages ceased being paid. (Compl., pp. 13-16).

Specifically, the Complaint alleges that from in or about April 30, 2003 through May 16, 2003, Plaintiff was employed as a seaman and crew member with the rating of "able bodied seaman" aboard the shipping vessel FIDELIO. (*Id.* at p. 10). Plaintiff alleges that he entered the ship and began his employment from a port in Baltimore. (*Id.*). Thereafter, while aboard the FIDELIO, Plaintiff alleges that he "sustained serious and permanent injury" to his left foot. Plaintiff further alleges that the injury required medical treatment, which he received in Le Havre, France. (*Id.*). The resulting injury, Plaintiff argues, resulted in his medical discharge from the FIDELIO, and his return to the United States for further treatment. Plaintiff asserts that further medical treatment was obtained in Fort Lauderdale, Florida, upon his return from Le Havre, France. (*Id.* at p. 10). Upon the "conclusion of his treatment", Plaintiff asserts, he

returned to work as a seaman aboard the vessel Cable Ship Global Mariner, from in or about June 4, 2003 through June 13, 2003, and thereafter, aboard the vessel Cable Ship Global Link from in or about June 13, 2003 through June 21, 2003. (*Id.*). Plaintiff asserts that while employed for Cable Ship Global Mariner and Cable Ship Global Link, he "sustained additional serious and permanent injuries to his left foot including aggravation of pre-existing injuries sustained on the FIDELIO and new injuries which required further medical treatment . . . including surgery." (*Id.* at p.12 ).

## II.  PROCEDURAL BACKGROUND

Plaintiff's Complaint was filed in this court on September 27, 2004. (Docket Entry # 1). Jurisdiction is based upon subject matter pursuant to claims involving violations of the Jones Act as set forth in Title 46, United States Code, Section 688.

On January 24, 2005, Defendant TCSC filed its Answer as well as a cross-claim against the Fidelio Defendants for indemnification for all maintenance, cure and unearned wages paid to Plaintiff by TCSC as well as any negligence damages that may be found because, TCSC alleges, the Fidelio Defendants were primarily negligent. Defendant TCSC's cross-claim also seeks contribution from the Fidelio Defendants based upon culpability if Defendant TCSC is found liable for negligence. (Docket Entry # 3). Previously, Defendant TCSC sought indemnification and contribution for the maintenance and cure benefits it paid to Plaintiff in a separate federal civil action in the Eastern District of Louisiana. (Def. TCSC Opp. Brief, p. 2). After Plaintiff filed suit in the District of New Jersey, the Louisiana action which was then "in the middle" of its discovery period, was transferred and consolidated with the District of New Jersey matter. (*Id.*).

On March 30, 2005, the Fidelio Defendants filed their Answer as well as a cross-claim against Defendant TCSC for indemnification for all maintenance and cure benefits as well as any negligence damages that may be found because, the Fidelio Defendants assert, Defendant TCSC were primarily negligent. The Fidelio Defendants' cross-claim also seeks contribution from Defendant TCSC based upon culpability if the Fidelio Defendants are found liable for negligence. (Docket Entry # 7).

In or about October, 2005, Plaintiff and his spouse filed a separate state suit in Broward County, Florida against the medical organizations and personnel who had treated Plaintiff. The Florida complaint alleges medical malpractice. (Fidelio Brief, p. 4). On November 1, 2005, the Fidelio Defendants filed a letter application requesting a stay of the instant action until the Florida medical malpractice suit was resolved. Plaintiff joined the Fidelio Defendants request by letter dated December 17, 2005. Defendant TCSC opposed the application. The Fidelio stay application was ultimately denied by the magistrate judge then assigned to the case. The judge based his denial on the reasoning that the federal district court did not maintain a suspense calendar. (*Id.* at p. 5).

Thereafter, discovery and settlement discussions were conduct by the parties. On June 6, 2006, the Fidelio Defendants filed the first of several dispositive motions. (Docket Entry # 15). The last dispositive motion filed is the instant motion to transfer which was filed on February 28, 2007 by the Fidelio Defendants. (Docket Entry # 52). The motion to transfer was initially objected to by both Plaintiff and Defendant TCSC. However, on May 4, 2007, a letter was file by Defendant TCSC "withdrawing" its opposition to the transfer motion. (Docket Entry # 64).

### III. FIDELIO DEFENDANTS' MOTION TO TRANSFER

The Fidelio Defendants assert that this Court should transfer the instant civil action to United States District Court, Southern District of Florida under Title 28, United States Code, Section 1404(a). Specifically, the Fidelio Defendants argue that this case should be transferred because Plaintiff's case against them is concentrated on a theory of vicarious liability for the medical malpractice of the medical defendants in the Florida state action. The Fidelio Defendants further argue that the New Jersey forum is inconvenient because they cannot implead the state medical defendants as this Court allegedly lacks jurisdiction over them. Additionally, the Fidelio Defendants argue that this case should be transferred in the interest of judicial economy. Without the transfer, Fidelio argues, three trials may be necessary to resolve all claims and issues made by the parties. The Fidelio Defendants assert that if this action was to be transferred to Florida, then Fidelio could implead the medical defendants into the action and Plaintiff could amend the federal complaint to include the medical defendants, thereby eliminating the state suit. Further, Fidelio argues, the transfer would prohibit Fidelio from being held to be vicariously liable for the medical defendants alleged malpractice. (Fidelio Brief, pp. 10-11).

### IV. DISCUSSION

Title 28, United States Code, Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Transfer under § 1404(a) is appropriate if two requirements are met: (1) transfer of the action will enhance the convenience of one of the parties, and is in the interest of justice; and (2)

the proposed transferee district must be one in which the action "might have been brought" originally. *Van Dusen v. Barrack*, 376 U.S. 612, 615, 634 (1964). The proposed transferee court must be one in which the plaintiff properly could have filed the action initially. *Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960). In that regard, the transferee court must have been able to assert personal jurisdiction (as well as subject matter jurisdiction and venue) over the defendant at the time the action was initially filed. *Id.* at 342. Further, a defendant's consent to personal jurisdiction in the proposed transferee court as part of his or her transfer motion is not enough to satisfy the personal jurisdiction requirement. *Id.* at 343-344; *Sunbelt Corp. v. Noble, Denton & Associates, Inc.*, 5 F.3d 28, 1994 A.M.C. 42 (3d Cir. 1993).

The decision whether to transfer a case lies within the broad discretion of the district court. It requires the court to make a "flexible and individualized analysis," and to "weigh in and balance a number of case-specific factors" to determine whether the proposed transferee district would be a more convenient forum for the litigation. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *see also White v. ABCO Eng'g Corp.*, 199 F.3d 140, 143-144 (3d Cir. 1999). Factors for consideration are in part set forth in § 1404(a). They are: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. In addition, the Supreme Court has also enumerated various factors which should be examined when considering whether an action should be transferred. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947); *Liggett Group Inc. v. R.J. Reynolds Tobacco Co.,* 102 F. Supp. 2d 518, 528 (D.N.J. 2000). Courts group these factors into two broad categories, private interest and public interest factors, which encompass consideration of the convenience to the parties and witnesses. *Id.* (citing *Gilbert*).

The private interest factors incorporate the preferences of the parties in the context of the litigation, and include: (1) the choice of forum of the plaintiff; (2) the defendant's preference; (3) the ease of access to sources of proof; (4) the convenience of the witnesses - only to the extent that a witness may actually be unavailable for trial in one of the fora; and (5) where the claim arose. *See Jumara v. State Farm Insurance Co.,* 55 F.3d 873, 879 (3d Cir. 1995). The second category analyzes the public interest including: (1) practical considerations which could make the litigation easier and more expeditious, or inexpensive; (2) court congestion and administrative difficulties; (3) the local interest in resolving local controversies at home; and (4) the public policies of the fora. *Id.*

Here, in consideration of the first two requirements set forth in *Van Dusen*, the Court must determine whether one of the parties would be convenienced by the proposed transfer and whether the instant New Jersey action could have originally been brought in Florida, i.e., whether there is personal and subject matter jurisdiction. As the Fidelio Defendants have made clear, they would be convenienced by the transfer. Further, as Defendant TCSC has withdrawn its objection to the Fidelio Defendants' transfer motion, the Court can assume that although Defendant TCSC may not be convenienced by the transfer, it is also not inconvenienced by the transfer. Therefore, the first *Van Dusen* requirement has been satisfied in favor of transfer.

The second *Van Dusen* factor requires further consideration. With regards to jurisdiction, Plaintiff argues: that personal jurisdiction cannot be established in Florida as to Defendants TCSC and Fidelio as parties; that there are additional claims beyond the alleged medical malpractice of Florida medical defendants; and that Florida law does not govern whether the medical defendants and the Fidelio Defendants are vicariously liable for said alleged medical

malpractice. The Fidelio Defendants argue that there is personal jurisdiction in Florida as to them, as they brought Plaintiff to Florida for medical assistance, which is the basis for Plaintiff's claim of vicarious liability for medical malpractice of the Florida medical defendants, and which places them within Florida's jurisdiction under its long-arm statute. The Fidelio Defendants further argue that Defendant TCSC can be subject to the personal jurisdiction of Florida under the holding in *Guyton v. Pronav Ship Management, Inc.*, 139 F.Supp.2d 815 (S.D.Tex. 2001).[3]

### A. Personal Jurisdiction and the Fidelio Defendants

Florida Statute § 48.193 (1)(b) states, in relevant part:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts: . . . (b) Committing a tortious act within this state . . .

Therefore, under the Florida long-arm statute, jurisdiction over defendants can be found: (1) if the defendants carried on a business in Florida; (2) if the defendants committed a tort in Florida; and (3) if the defendants committed an act outside of Florida that caused injury to a Florida resident. *MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F.Supp.2d 1346 (S.D.Fla. 2000).

Here, the Fidelio Defendants assert that jurisdiction exists under the Florida long-arm statute because the claim of vicarious liability Plaintiff asserts against Fidelio constitutes a "tortious act" within the state, as does the underlying medical malpractice claim giving rise to the alleged vicarious liability.

---

[3] As no party contests subject matter jurisdiction, such jurisdiction will be assumed for purposes of this motion.

Both the vicarious liability and the underlying medical malpractice claims are indeed claims of tortious acts. Further, whether the Fidelio Defendants' alleged vicarious liability is determined to have occurred during Fidelio's actions prior to their delivery of Plaintiff to the Florida port, or upon said delivery of Plaintiff at the Florida port is of no moment, as under either circumstance Florida's long-arm reach is successful. *See Cable/Home Communication Corp. v. Washington Post, Co.*, 902 F.2d 829, 857 (11th Cir. 1990). As such, Florida District Court has personal jurisdiction over the Fidelio Defendants.

### B.  Personal Jurisdiction and Defendant TCSC

The Fidelio Defendants further assert that Florida maintains personal jurisdiction over Defendant TCSC because it hired Plaintiff from a "SIU" union hall Dania, Florida, and under the holding in *Guyton v. Pronav Ship Management, Inc.*, 139 F.Supp.2d 815 (S.D.Tex. 2001), such an action gives rise to said jurisdiction in Florida. Plaintiff argues that the holding in *Guyton* involved more ties between the person hired and the company that did the hiring than in the instant matter, and it was those additional connections that were the basis for the court's finding of jurisdiction.

Specifically, Plaintiff asserts that in the *Guyton* case, Plaintiff Guyton was a permanent member of the SIU rotation list, working a regular schedule, with an employment history with the defendant in that case. Plaintiff argues that those connections are substantially more significant than the proposed connections in the instant matter.

The Court disagrees. In both the *Guyton* case and this action, a vessel operator hired a seaman from an SIU union hall. That was the basis for finding personal jurisdiction in *Guyton*, and those are the circumstances that are present in the instant action. The fact that Plaintiff

Guyton was on a rotation and had worked for defendant previously, which Plaintiff in this action had not, is incidental to the underlying finding of jurisdiction. Therefore, the Court concludes that Florida District Court has personal jurisdiction over Defendant TCSC. Further, as personal jurisdiction in Florida has been found, it is clear that personal jurisdiction existed at the time this action was filed. As such, both *Van Dusen* requirements have been satisfied in consideration of all defendants.

      C.      **Remaining Factors for Consideration Pursuant to § 1404(a)**

Although the *Van Dusen* requirements have been satisfied, there remain several additional factors for this Court's consideration regarding the proposed transfer of this action to Florida District Court. Recapitulated, those factors include: convenience of the parties; convenience of the witnesses; interests of justice; Plaintiff's forum choice; Defendants' preference; where the claim arose; practical considerations; judicial economy; and local interest in resolving issues "at home."

As the Fidelio Defendants have moved for this transfer, and as Defendant TCSC has withdrawn its opposition to Fidelio's motion, it is clear that the defendants do not find Florida to be an inconvenient forum, and, in consideration of the Fidelio Defendants, would actually prefer Florida as the proper forum. Further, as Plaintiff has filed another lawsuit for medical malpractice against additional defendants in Florida State Court, it can be inferred that Plaintiff is not inconvenienced by a Florida forum. Also, Plaintiff cannot reasonably assert forum choice, as he chose Florida as well as New Jersey as his fora.

Additionally, as none of the events in question occurred in New Jersey, the convenience of the witnesses is unaffected by transferring the matter to Florida. In that same vein, there is no

local interest in resolving the instant action here, whereas there is already significant interest in Florida based upon the events and the additional state litigation there.  And although Plaintiff may refuse to voluntarily dismiss his state action, thereby consolidating all related issues into one civil action, judicial economy will be had in part as the Fidelio Defendants will be able to implead the Florida defendants.  That ability to implead eliminates future litigation between Fidelio and the Florida defendants, which would be certain to occur if Fidelio is found to be vicariously liable for the Florida defendants' actions.

Therefore, based upon the foregoing, it appears that most if not all the factors in favor of transferring this action to Florida District Court have been satisfied.  As such, the Court concludes that this matter shall be transferred.

V.     CONCLUSION

For the foregoing reasons, the Fidelio Defendants' Motion to Transfer this Civil Action to the United States District Court for the Southern District of Florida under Title 28, United States Code, Section 1404(a) is GRANTED.  An appropriate form of order shall follow.

s/Garrett E. Brown, Jr.
**HONORABLE GARRETT E. BROWN, JR.
CHIEF UNITED STATES DISTRICT JUDGE**

Dated: June    14   , 2007